**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

_____

CARLOS ORTIZ,  :
 : Civ. No. 18-14665(RMB)
      Petitioner :
  v. :
 : **OPINION**
WARDEN SCOTT YOUNG, :
 :
      Respondent :
_____:

**BUMB, United States District Judge**

This matter comes before the Court upon Petitioner's motion to transfer venue to the United States District Court, District of South Carolina. (Mot. to Transfer, ECF No. 18.) For the reasons set forth below, the Court will grant Petitioner's motion to transfer.

I.   BACKGROUND

On October 5, 2018, the United States District Court, District of South Carolina transferred Petitioner's petition under 28 U.S.C. § 2241 to the District of New Jersey because Petitioner was in custody in the Federal Correctional Institution in Fairton, New Jersey. (Transfer Order, ECF No. 3.) This Court ordered Respondent to file an answer to the petition, but then granted Respondent's request to file a motion to dismiss in lieu of an answer. (Orders, ECF Nos. 6, 10.) On March 18, 2019, Respondent filed a motion to

dismiss for lack of jurisdiction. (Mot. to Dismiss, ECF No. 12.) Petitioner filed a response (Response, ECF No. 14) and Respondent filed a reply. (Reply, ECF No. 17.)

Petitioner now seeks to transfer venue to the District of South Carolina, within the district where Petitioner is presently confined in the Federal Correctional Institution Williamsburg, in Salters, South Carolina. (Mot. to Transfer, ECF No. 18.) Petitioner indicates that Respondent does not oppose transfer for venue. (Id. at 2.)

II. DISCUSSION

A district court may transfer venue of an action when it is in the interests of justice. 28 U.S.C. § 1404(a). In Griffin v. Ebbert, 09-2058 (3d Cir. Dec. 9, 2009) the Third Circuit Court of Appeals held that transfer of venue of a petition for writ of habeas corpus under 28 U.S.C. § 2241 was in the interests of justice where the petitioner was confined in the Middle District of Pennsylvania when his petition was filed, but he was subsequently transferred to the District of Minnesota, which was in a better position to provide the remedy requested if the petition was granted. Although the Middle District of Pennsylvania had jurisdiction over Griffin's petition, venue was more convenient in the District of Minnesota after his transfer. Id.

Petitioner's case is similar. Although this Court has jurisdiction because Petitioner was incarcerated within the

2

District of New Jersey when the petition was filed, Petitioner has been transferred to the District of South Carolina, which is now a more convenient venue for the parties. Further, the District of South Carolina is now in a better position to grant relief on the habeas petition, if appropriate. Transfer of venue is in the interests of justice.

III. CONCLUSION

The Court will transfer this action to the District of South Carolina pursuant to 28 U.S.C. § 1404(a).

Dated: July 10, 2019

                                          s/Renée Marie Bumb
                                          **RENÉE MARIE BUMB**
                                          **UNITED STATES DISTRICT JUDGE**